# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 10/23/2015**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 10:50:39 AM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

**TO:**     1ST COURT OF APPEALS

**From:**     **Deputy Clerk: IRMA MEDINA**
         **Chris Daniel, District Clerk**
         **Harris County, T E X A S**

**CAUSE:**    2014-35858

**VOLUME** \_\_\_\_    **PAGE** \_\_\_\_    **OR**    **IMAGE #** 67564010

**DUE** 11/23/2015      **ATTORNEY** 24075830

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE ORDER SIGNED:** 7/24/2015

**MOTION FOR NEW TRIAL FILED:** 8/21/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 10/22/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED: YES** ☐ **NO** ☒ **IMAGED FILED: YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, OA , Rule 34.5 Original Clerk's Record Due 11/30/2015

CHRIS DANIEL
Harris County, District Clerk

By: \_/s/IRMA MEDINA
      **IRMA MEDINA, Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D - | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL) |
| NA | AMENDED NOTICE OF APPEAL |

## CAUSE NO. 2014-35858

| | | |
|---|---|---|
| NATIONAL CHURCH RESIDENCES | § | IN THE DISTRICT COURT |
| OF ALIEF, TX | § | |
| | § | |
| | § | |
| V. | § | 269th JUDICIAL DISTRICT |
| | § | |
| | § | |
| HARRIS COUNTY | § | |
| APPRAISAL DISTRICT | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff NATIONAL CHURCH RESIDENCES OF ALIEF, TX ("Plaintiff" or "NCR") files this Notice of Appeal and would respectfully show to the Court the following:

### BASIS OF NOTICE

On July 24, 2015, this Court entered a final judgment in favor of Defendant, HARRIS COUNTY APPRAISAL DISTRICT. Plaintiff desires to appeal this judgment in all respects.

This appeal is premised on the following points, pursuant to Texas Rule of Appellate Procedure 33.1:

1. The trial court erred by granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment because Plaintiff applied for and qualified as a charitable organization entitled to a property tax exemption for the tax years 2012 and 2013 under the Texas constitution and subsections (d)(2), (d)(3), and/or (d)(13) of Section 11.18 of the Texas Property Tax Code.

2. Plaintiff hereby incorporates all arguments in the following pleadings as to why the trial court erred in entering judgment in favor of Defendant:

{NAT023/00002/1107280.DOCX;1/MLM }        - 1 -

a. its Motion for Summary Judgment filed on May 29, 2015,

b. its Response to Defendant's Motion for Summary Judgment filed on June 12, 2015,

c. its Reply regarding its Motion for Summary Judgment filed on June 19, 2015,

d. its Brief on the *NHH-Canal Street Apartments* Decision filed on July 10, 2015,

e. its Response to Defendant's Brief in Support of its Motion for Summary Judgment filed on July 17, 2015,

f. its Motion for New Trial filed on August 21, 2015, and

g. its Reply regarding its Motion for New Trial filed on September 25, 2015.

3. Plaintiff filed a Motion for New Trial on August 21, 2015, which was overruled by operation of law.

Plaintiff appeals to either the First or Fourteenth Court of Appeals.

Respectfully Submitted,

**WEYCER KAPLAN PULASKI & ZUBER, P.C.**

By:___/s/ *Misty Gasiorowski*_____
      DONALD T. ("DUKE") KELLER, JR.
      State Bar No. 24000605
      dkeller@wkpz.com
      MISTY GASIOROWSKI
      State Bar No. 24075830
      mgasiorowski@wkpz.com
      TANYA N. GARRISON
      Texas Bar No. 24027180
      tgarrison@wkpz.com
      Eleven Greenway Plaza, Suite 1400
      Houston, Texas 77046
      Telephone: (713) 961-9045
      Facsimile: (713) 961-5341

      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of October, 2015, a true and correct copy of the foregoing Notice of Appeal was forwarded by electronic service and/or facsimile to the following counsel of record:

Denis Potvin
Olson & Olson, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
[fax: (713) 533-3888]

_____/s/ *Misty Gasiorowski*_____
MISTY GASIOROWSKI

CAUSE NO. 2014-35858

| | | |
|---|---|---|
| NATIONAL CHURCH RESIDENCES OF ALIEF, TX, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff(s),* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARRIS COUNTY APPRAISAL DISTRICT, | § | 269th JUDICIAL DISTRICT |
| | § | |
| *Defendant(s).* | § | |

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

On June 19, 2015, the Parties appeared for a hearing on their cross-motions for summary judgment. The Court granted Defendant's motion and denied Plaintiff. Shortly thereafter, the Fourteenth Court of Appeals issued a decision that potentially touched on a key legal issue in the case in *NHH-Canal Street Apartments, Inc. v. Harris County Appraisal District*, No. 14-14-00251-CV, 2015 WL 3985978 (Tex. App.—Houston [14th Dist.] June 30, 2015, no pet. h.). As a result, the Court vacated its June 19, 2015 Order on Defendant's Motion for Summary Judgment and invited further briefing by the Parties.

After considering the additional briefing, as well as the original motions and responsive briefing, the arguments of counsel, the evidence submitted, and the applicable law, the Court concludes that it should grant Defendant's motion and deny Plaintiff's motion.

Therefore, Plaintiff's Motion for Summary Judgment is *DENIED*. Defendant's Motion for Summary Judgment is *GRANTED*. It is *ORDERED* that Plaintiff National Church Residences of Alief, Texas take nothing on its claims against Defendant Harris County Appraisal District.

1

Costs of court are taxed against the Party that incurred them. This is a Final Judgment that disposes of all claims and all parties.

Signed: July 24, 2015

Hon. Dan Hinde
Judge, 269th District Court

CAUSE NO. 2014-35858

| | | |
|---|---|---|
| NATIONAL CHURCH RESIDENCES OF ALIEF, TX | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 269th JUDICIAL DISTRICT |
| HARRIS COUNTY APPRAISAL DISTRICT | § § § § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S MOTION FOR NEW TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff NATIONAL CHURCH RESIDENCES OF ALIEF, TX ("Plaintiff" or "NCR")

asks the Court to grant a new trial in the interest of justice and fairness, and shows as follows:

**Motion for New Trial – Generally**

1.      This lawsuit was brought by NCR against Defendant Harris County Appraisal

District ("Defendant" or "HCAD"), appealing the denial of tax exempt status for tax years 2012

and 2013 pursuant to Section 11.18 of the Texas Property Tax Code of the property identified by

HCAD account number 114-775-000-0028.

2.      This Court granted HCAD's Motion for Summary Judgment by signed order on

July 24, 2015 (the "Order").

3.      The Order should be vacated and a new trial granted because NCR established as

a matter of law that it qualifies for an exemption as a charitable organization Section 11.18 of the

Tax Code. In support thereof, NCR incorporates by reference herein as if set out in full all

arguments and authority referenced within, and all evidence attached to and/or incorporated into,

Plaintiff's Motion for Summary Judgment filed on May 29, 2015, Plaintiff's Response to

Defendant's Motion for Summary Judgment filed on June 12, 2015, Plaintiff's Reply Regarding

{NAT023/00002/1051714.DOCX;1/MLM }          1

its Motion for Summary Judgment filed on June 19, 2015, Plaintiff's Brief on the *NHH-Canal Street Apartments* Decision filed on July 10, 2015, and Plaintiff's Response to Defendant's Brief in Support of its Motion for Summary Judgment filed on July 17, 2015.

## Specific Reasons that the Court Should Grant a New Trial

4. Plaintiff also asks the Court to vacate the Order and grant it a new trial for the following specific reasons, some of which may have been previously argued and Plaintiff desires to clarify and/or expand upon:

### A. Plaintiff Established it is Entitled to a Tax Exemption Under Section 11.18(d)(2) of the Tax Code because it Provides Support to the Impoverished.

5. The Order should be vacated and a new trial granted because (1) the summary judgment evidence established as a matter of law that: (a) NCR applied for a tax exemption for charitable organizations under, in relevant part, Section 11.18(d)(2), and (b) NCR provides support to the impoverished as required by Section 11.18(d)(2); (2) Defendant moved for summary judgment pursuant to, in relevant part, the alleged "without regard to the beneficiaries' ability to pay" element of Section 11.18(d)(2), and (3) the *NHH-Canal Street Apartments* Court held that establishing "without regard to the beneficiaries' ability to pay" is not an element of Section 11.18(d)(2) as it pertains to the provision of support to the impoverished.

6. NCR applied for an exemption under Section 11.18(d)(2) (among other subsections). In *Harvest Life Found. v. Harris Co. Appraisal Dist.*, No. 14-11-01038-CV (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.), a property owner complained that the trial court erred by concluding it was not entitled to an exemption under Section 11.18. Ultimately, the Court held the supplemental evidence (i.e., the completed exemption applications for the relevant tax years) "was decisive because it proved that [the property owner] applied only for the subsection (d)(12) exemption" and the owner failed to prove it satisfied that exemption.

While examining the exemption applications, the Court noted that the first three (3) pages of the applications "generally inquire about the organization" and are "intended to inquire whether the applicant qualifies in the first place as a charitable organization." Noting that the first three (3) pages cannot be considered in isolation to determine the exemptions for which the applicant applied, the Court then examined the schedules attached to the applications and, specifically, the applicant's response to the category instructing it to "Describe the primary use of this property." Even though the applicant had checked "multiple functions, including the function corresponding with subsection (d)(12)" on the first three (3) pages of its applications, the Court held that the applicant had "applied for exemptions under only subsection (d)(12)" based upon its description of the primary use of the property in Schedule A to the applications. In other words, it is the applicant's description of the primary use of the property in Schedule A of the application – and not the information provided or specific box(es) checked on the first few pages of the application – that determine which exemptions the applicant had applied for.

7.    When asked to reapply for its tax exemption in 2012, NCR submitted an "Application for Charitable Organization Property Tax Exemption for 2012." In Schedule A to the application, NCR described the use of the property as "to provide housing for low income elderly...."[1] Such a use correlates to the charitable functions described in subsections (d)(2) (support to "the impoverished"), (d)(3) (support to elderly persons), and (d)(13) (permanent housing and related facilities for person age 62 and older) of Section 11.18. As such, following the precedent of *Harvest Life Foundation v. Harris County Appraisal District*, NCR established that it applied for an exemption under subsections (d)(2), (d)(3), and (d)(13) of Section 11.18.[2]

---

[1] *See* Exhibit 1 to Plaintiff's Motion, at NATS0008.
[2] *See Harvest Life Found. v. Harris Co. Appraisal Dist.*, No. 14-11-01038-CV (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.).

8. Plaintiff provides support to the impoverished. The summary judgment evidence established that NCR provides support to the impoverished.[3]

9. HCAD specifically moved for summary judgment pursuant to the alleged "without regard to the beneficiaries' ability to pay" element of Section 11.18(d)(2). On May 22, 2015, HCAD moved for summary judgment. In its "Summary of the Argument," HCAD argued "Section 11.18(d)(2) of the Texas Property Tax Code… [only] applies when housing is provided 'without regard to the beneficiaries' ability to pay'…[and] the evidence conclusively negates this element of Plaintiff's claim."[4] HCAD then quoted Sections 11.18(d)(2) and (d)(3) of the Tax Code in its argument that "Plaintiff's own document and procedures conclusively negate an element of Plaintiff's claim."[5] Finally, Defendant concluded by arguing the evidence "negates the requirement that housing be provided 'without regard to the beneficiaries' ability to pay.' See Tax Code § 11.18(d)(2)."[6]

10. "Without regard to the beneficiaries' ability to pay" is not an element of Section 11.18(d)(2) as it pertains to the provision of support to the impoverished. On June 30, 2015, the Fourteenth Court of Appeals issued its decision in *NHH-Canal Street Apartments, Inc. v. Harris County Appraisal District*, No. 14-14-00251-CV (Tex. App.—Houston [14th Dist.] June 30,

---

[3] *See* Exhibit "1(E)" to Plaintiff's Motion, at NAT200061 (financial statement noting that Plaintiff was incorporated "for the purpose of operating a 62-unit apartment complex… for low-rent housing, particularly for the elderly or the infirm."); Exhibit "2(A)" to Plaintiff's Motion, at NATS00099 (Plaintiff's Application for Housing, stating "[q]ualified applicants must meet the income limits for the following county/region: Harris County" and then listing income limits of $13,900 - $26,500 dependent upon the family size); Exhibit "2(B)" to Plaintiff's Motion, at NATS00107 (Plaintiff's Tenant Selection Plan, stating in bold that "Applicants must meet the Very-Low (50%) or Extremely-Low income (30%) limits for the current fiscal year" and referencing the income limits described in the Application for Housing); Exhibit "4" to Plaintiff's Response to Defendant's Motion for Summary Judgment (Affidavit of Steve Bodkin stating that NCR determines the rental rate of its tenants in accordance with Section 202 and Section 8, and that the rent charged is the highest of 30% of the person's adjusted monthly income, 10% of the person's monthly income, or the portion of a person's welfare payments designated for his or her housing costs, if any).

[4] *See* Defendant's Motion for Summary Judgment, filed with this Court on May 22, 2015, at ¶5.

[5] *See id.* at ¶6.

[6] *See id.* at ¶ 10.

2015, no pet. h.) (slip op.). The *NHH-Canal Street Apartments* Court held, in relevant part, that the phrase "without regard to the beneficiaries' ability to pay" only modified the term "victims of natural disaster" and not "the impoverished" in Section 11.18(d)(2) and, as such, NHH-Canal Street was not required to prove that it provided services to the impoverished without regard to their ability to pay to qualify for the exemption under Section 11.18(d)(2).[7]

11. As detailed in Plaintiff's Brief on the *NHH-Canal Street Apartments* Decision, NCR and NHH-Canal Street are similarly situated. There is therefore no logical reason for the conclusion that NHH-Canal Street qualifies as a charitable organization entitled to a property tax exemption under Section 11.18, but NCR does not.

12. Because NCR has established it is entitled to an exemption under Section 11.18(d)(2) of the Tax Code by providing support to the impoverished, the Order should be vacated and a new trial granted.

**B. The Order is Based Upon Inconsistent and Conflicting Arguments of Defendant.**

13. The Order should be vacated and a new trial granted because the Court's signing of said Order is based upon inconsistent and conflicting arguments of HCAD. To overcome the holding of *NHH-Canal Street Apartments*, HCAD argued that "Plaintiff's application for charitable exemption was confined to Section 11.18(d)(13)" and that "[w]hether Plaintiff is entitled to an exemption under Section 11.18(d)(2) is not an issue that has been properly perfected for appeal to this Court."[8] Yet, as detailed above, HCAD specifically moved for (and the Court granted) summary judgment based upon HCAD's argument that NCR's own documents and procedures conclusively negate an element of Sections 11.18(d)(2) and

---

[7] *See NHH-Canal Street Apartments, Inc. v. Harris Co. Appraisal Dist.*, No. 14-14-00251-CV, at *11-12 (Tex. App.—Houston [14th Dist.] June 30, 2015, no pet. h.) (slip op.).

[8] *See* Defendant's Response to Plaintiff's Brief on the *NHH-Canal Street Apartments* Decision, filed with this Court on July 17, 2015.

11.18(d)(3). There is no mention of Section 11.18(d)(13) in Defendant's Motion for Summary Judgment. The Court should not allow HCAD to use NCR's exemption application as a double-edged sword – to argue both that NCR did not apply for an exemption under Section 11.18(d)(2) or 11.18(d)(3) and, at the same time, to argue that it is entitled to summary judgment based upon Sections 11.18(d)(2) and 11.18(d)(3).

## C. Defendant's Interpretation of the "Without Regard to... Ability to Pay" Element of Sections 11.18(d)(3) and 11.18(d)(13) of the Tax Code is Illogical.

14. HCAD has misinterpreted the phrase "without regard to... ability to pay," as discussed and argued by NCR in the motions, responses, replies, and briefs previously incorporated herein. In further support, NCR directs the Court to the text of Section 11.18(d). Section 11.18(d) provides that "[a] charitable organization must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and... engage exclusively in performing one or more of the following charitable functions." It then lists twenty-four (24) charitable functions. Of those functions, only the following five (5) require that the organization provide the functions "without regard to... ability to pay":

- "providing medical care without regard to... ability to pay, which in the case of a nonprofit hospital means providing charity care and community benefits in accordance with Section 11.1801" (11.18(d)(1));

- "providing support or relief to... **victims of natural disaster** without regard to... ability to pay" (11.18(d)(2));

- "providing support without regard to... ability to pay to: (A) **elderly persons**...; and (B) the **handicapped**..." (11.18(d)(3));

- "providing permanent housing and related...facilities for persons who are **62 years of age or older** without regard to the residents' ability to pay") (11.18(d)(13)); and

- "providing housing and related services to **persons... in a retirement community**, if the retirement community provides... services... (A) without regard to... ability to pay; or (B) in which at least four percent of the retirement community's combined net resident revenue is provided in charitable care to its residents" (11.18(d)(19)).

15. Of the charitable functions listed in Section 11.18(d), the following functions are NOT required to be provided by the organization "without regard to... ability to pay":

- "providing support or relief to **orphans, delinquent, dependent, or handicapped children in need of residential care, abused or battered spouses or children in need of temporary shelter**, the **impoverished**..." (11.18(d)(2));

- "preserving a historical landmark or site" (11.18(d)(4));

- "promoting or operating a museum, zoo, library, theater..., or symphony..." (11.18(d)(5));

- "promoting or providing humane treatment of **animals**" (11.18(d)(6));

- "acquiring, storing, transporting, selling or distributing water for **public** use" (11.18(d)(7));

- "answering fire alarms and extinguishing fires with no compensation or only nominal compensation to the members of the organization" (11.18(d)(8));

- "promoting the athletic development of **boys or girls under the age of 18 years**" (11.18(d)(9));

- "preserving or conserving **wildlife**" (11.18(d)(10));

- "promoting educational development through loans or scholarships to **students**" (11.18(d)(11));

- "providing halfway house services..." (11.18(d)(12));

- "promoting or operating an art gallery, museum, or collection... that is open to **the public**" (11.18(d)(14));

- "providing for the organized solicitation and collection for distributions through gifts, grants, and agreements to nonprofit charitable, education, religious, and youth organizations that provide direct human, health, and welfare services" (11.18(d)(15));

- "performing biomedical or scientific research... for the benefit of the **public**" (11.18(d)(16));

- "operating a television station that produces or broadcasts educational, cultural, or other public interest programming..." (11.18(d)(17));

- "providing housing for low-income and moderate-income families, for unmarried individuals 62 years of age or older, for handicapped individuals, and for families

displaced by urban renewal, through the use of trust assets that are irrevocably and... contractually dedicated on the sale of disposition of the housing to a charitable organization..." (11.18(d)(18));

- "providing housing on a cooperative basis to **students**... if..." (11.18(d)(20));

- "acquiring, holding, and transferring unimproved real property under an urban land bank demonstration program established under Chapter 379C..." (11.18(d)(21));

- "acquiring, holding, and transferring unimproved real property under an urban land bank program established under Chapter 379E..." (11.18(d)(22));

- "providing housing and related services to individuals who: (A) are **unaccompanied and homeless and have a disability condition**; and (B) have been continuously homeless for a year or more or have had at least four episodes of homelessness in the preceding three years" (11.18(d)(23)); and

- "operating a radio station that broadcasts educational, cultural, or other public interest programming... and that in the preceding five years has received or been selected to receive one or more grants from the Corporation for Public Broadcasting..." (11.18(d)(24)).

16. As interpreted by NCR, the placement of the phrase "without regard to... ability to pay" within Section 11.18(d) is consistent with established case law in Texas that charitable organizations entitled to tax exemptions must benefit the public as a whole by assuming services that might otherwise become obligations of the public.[9] The phrase is not included in the subsections of Section 11.18(d) that are inherently beneficial to the public and of which would otherwise become obligations of the community or State of Texas (i.e., services to orphans, handicapped children in need of residential care, battered persons in need of temporary shelter,

---

[9] *See North Alamo Water Supply Corp. v. Willacy Co. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991) (stating as a condition of qualification as a "purely public charity" under the Texas Constitution that "the total operation of the charity **must affect all the people of a community or state by assuming, to a material extent, services that otherwise might become the obligations of the community or state.**") (emphasis added); *City of McAllen v. Evangelical Lutheran Good Samaritan Soc'y*, 530 S.W.2d 806, 808 (Tex. 1975) ("The ultimate consideration, then, should be based upon an evaluation of the total operation of the institution engaged in humanitarian activities **whose services are rendered at cost or less** and which are maintained to care for the physical and mental well-being of the recipients. By that total operation the institution must assume, to a material extent, **that which otherwise might become the obligation or duty of the community or the state.**") (emphasis added). *See also* Plaintiff's Motion for Summary Judgment, at ¶ 27, 29-38.

children or students, impoverished persons, and disabled homeless persons; protection of the animals and wildlife; performance and/or providing of scientific research, literacy, or education for the public). On the other hand, the "without regard to... ability to pay" phrase is included with respect to organizations that serve victims of natural disaster, elderly persons, handicapped persons, persons aged 62 years of age and older, and persons in retirement communities. This is because the providing of services to these specific categories of persons only benefit the public if the persons served are low-income (i.e., do not have the ability to pay for the services). Otherwise, these specific categories of low-income persons would become burdens of the community or State. The "without regard to... ability to pay" phrase, if interpreted as argued by NCR to mean "low-income," prevents organizations that serve wealthy victims of natural disaster, elderly or handicapped persons, or that operate luxury retirement homes, from qualifying as charitable organizations under Section 11.18 of the Tax Code.

17. HCAD's argument that the phrase "without regard to... ability to pay" prohibits an organization such as NCR from considering a beneficiaries' ability to pay for services during its application process, or from requiring its residents to pay some portion of rent and/or a deposit to receive permanent housing and free services, is illogical. According to HCAD's interpretation, organizations such as NCR are not entitled to a tax exemption as a charitable organization that provides permanent housing and associated educational, financial, social, and legal services to low-income elderly persons unless it provides the housing and services without inquiring as to the person's income level and without requiring that the person pay even $1.00 towards the housing and/or services. On the other hand, organizations are entitled to a tax exemption as charitable organizations even though they inquire as to beneficiaries' income levels and/or require the beneficiaries to pay (an infinite amount) for housing and/or services so long as

the housing and/or services are provided to disabled homeless persons ((d)(23)), students ((d)(20)), persons residing at halfway houses ((d)(12)), orphans, delinquent, dependent, or handicapped children in need of residential care ((d)(2)), abused or battered spouses or children in need of temporary shelter ((d)(2)), the impoverished ((d)(2)), or the organization performs other functions listed in Paragraph 13, above. Interpreting the phrase "without regard to... ability to pay" to mean "low-income," as NCR suggests, is the only sensible interpretation.

18.    The effect of the Court's Order is that HCAD can deny tax exemptions to organizations that charge a $50 security deposit and $8 per month to low-income elderly persons for permanent housing (11.18(d)(3)), but is required to allow exemptions for organizations that charge $700 per month to unaccompanied, homeless, disabled persons for housing (11.18(d)(23)). Surely that is not what the Legislature intended.

## D. Conclusion

19.    For these reasons, as well as those identified in Plaintiff's Motion for Summary Judgment, Response to Defendant's Motion for Summary Judgment, Reply Regarding its Motion for Summary Judgment, Brief on the *NHH-Canal Street Apartments* Decision, and Response to Defendant's Brief in Support of its Motion for Summary Judgment, Plaintiff asks the Court to vacate its Order dated July 21, 2015 and, in the interest of justice, grant a new trial on the allegations raised herein.

### PRAYER

WHEREFORE, PRPEMISES CONSIDERED, Plaintiff asks the Court to vacate its Order dated July 21, 2015 and, in the interest of justice, grant a new trial on the allegations raised herein.

Respectfully Submitted,

WEYCER KAPLAN PULASKI & ZUBER, P.C.

By: /s/ *Misty Gasiorowski*

DONALD T. ("DUKE") KELLER, JR.
State Bar No. 24000605
dkeller@wkpz.com
MISTY GASIOROWSKI
State Bar No. 24075830
mgasiorowski@wkpz.com
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of ~~July,~~ August 2015, a true and correct copy of the foregoing Motion was forwarded by electronic service and/or facsimile to the following counsel of record:

Denis Potvin
Olson & Olson, L.L.P.
Wortham Tower, Ste. 600
2727 Allen Parkway
Houston, Texas 77019
[fax: (713) 533-3888]

/s/ *Misty Gasiorowski*

MISTY GASIOROWSKI

```
JU2FN (NSD#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      OCT 23, 2015(C1)
INT6510                    CIVIL CASE INTAKE              OPT: _____ -  INT
                        GENERAL PARTY INQUIRY             PAGE:   1  -    1

CASE NUM: 201435858__ PJN> __  TRANS NUM: _____ CURRENT COURT: 269 PUB? _
CASE TYPE: APPEAL APPRAISAL BOARD          CASE STATUS: DISPOSED (FINAL)
STYLE: NATIONAL CHURCH RESIDENCES OF ALI VS HARRIS COUNTY APPRAISAL DISTRICT
=============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY   ASSOC. ATTY
  NUM    NUMBER                                        STAT
_    00003-0001 AGT        HARRIS COUNTY APPRAISAL DISTRI
_    00002-0001 DEF 24074909 HARRIS COUNTY APPRAISAL DISTRI    POTVIN, DENIS
_    00002-0001 PAD 24051136 OLSON, DAVID WILLIAM
_    00001-0001 PLT 24075830 NATIONAL CHURCH RESIDENCES OF     GASIOROWSKI,




==> (4) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```